## First National Bank of Chicago
### v.
## The William Ruehl Brewing Company.

*Negotiable Instruments—Check—Payment—New Trial—Newly Discovered Evidence.*

In an action to recover the amount of a check this court declines to interfere with the judgment for the plaintiff, and holds that the trial court properly declined to grant a new trial upon the ground of newly discovered evidence, it appearing that the same is inconclusive and cumulative, and that the reasons adduced for its non-production upon trial are of an unsatisfactory nature.

[Opinion filed May 8, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. KRAUS, MAYER & STEIN, for appellant.

Messrs. SMITH & PENCE, for appellee.

MORAN, J.   This was an action to recover the amount of check drawn on appellant and indorsed to appellee.

The drawer of the check, one B. J. Ettelsohn, stopped the payment of the check, and is the real defendant, and prosecutes this appeal in the name of appellant.   The case was submitted to the court for trial without a jury and the defense was based on the claim that fraudulent representations were

made to Ettelsohn as to the value of a certain saloon stock by which he was induced to advance to one Meyers the check in question as a part of a loan made on said saloon. The court found in favor of appellee, and thereupon a motion for new trial was interposed which was overruled and judgment entered on the finding. Afterward and at the same term of court another motion for new trial was made on the ground of newly discovered evidence, which was supported by affidavits of said Ettelsohn and two others. The court denied said motion.

The finding of the court at the trial is clearly supported by the evidence, and it is not contended that any error of law was committed. It is urged, however, that the last motion for new trial should have been allowed in order that appellant might have the benefit of the newly discovered evidence.

Before the order of a court overruling such motion will be reversed, it must appear from the record that the newly discovered evidence is not merely cumulative, but that it is controlling and conclusive, and that the party urging the new trial has not been negligent in not producing it at the trial.

We have carefully examined the affidavits in connection with the testimony given by Ettelsohn on the trial, and we are satisfied that no case for a new trial was made which comes up to the conditions above stated. The testimony of Ettelsohn given on the trial shows that he had knowledge of facts which would have led, upon very slight inquiry, to all he alleges he discovered after the trial, and the two new witnesses were known to him at the time of the trial, and it appears that they were present at the very conversation in which he claims that fraudulent representations were made to him, and the excuses presented by him for not having their testimony, are very tenuous and unsatisfactory. The evidence is also of a cumulative character, and by no means conclusive. It merely adds more testimony on one side of an issue heard at the trial, and upon a new trial the question would be as it was on the last one, who would the court believe?

The court did not err in overruling the motion for a new trial, and the judgment must be affirmed.

*Judgment affirmed.*